890 F.2d 802
 Linda COALE, Individually and as Natural Mother and as Next
Friend of Renee Sonya Coale, A Minor, Plaintiff-Appellant,
v.
TRANSAMERICA INSURANCE COMPANY and Jim Craig and Consultant
Service Insurance Agency, Inc., Defendants-Appellees.
 No. 89-4256.
 United States Court of Appeals,
Fifth Circuit.
 Dec. 22, 1989.
 
 John Booth Farese, Farese, Farese & Farese, Ashland, Miss., for plaintiff-appellant.
 Richard L. Kimmel, Gerald H. Jacks, Jacks, Adams & Westerfield, Cleveland, Ohio, for Transamerica.
 J. Kimbrough Johnson, Robert L. Moore, Thomason, Hendrix, Harvey, Johnson, Mitchell, Blanchard & Adams, Memphis, Tenn., for Craig and Consultant Service Ins.
 Appeal from the United States District Court for the Northern District of Mississippi.
 Before GARZA, WILLIAMS and DAVIS, Circuit Judges.
 GARZA, Circuit Judge:
 
 
 1
 Linda Coale and her daughter, Renee, were injured in an automobile collision with an uninsured motorist. In a declaratory judgment action brought to determine coverage, the district court granted the insurer summary judgment because, under Tennessee law, a car is not covered by insurance after it has been sold by the insured. Because we find that the outcome would have been the same under Mississippi law, we AFFIRM the decision of the district court.
 
 BACKGROUND
 
 2
 Linda Coale worked at a business called Players Billiards and Restaurant in Tennessee, which was owned, in part, by Johnny Birdsong. Birdsong owned a 1981 Datsun 310, which he sold to Coale in January of 1986. Coale kept the car garaged at her home in Mississippi. Before the sale, the Datsun was covered by a policy issued by Transamerica Insurance Co. ("Transamerica"), through its agent Jim Craig and Consultant Service Insurance Agency, Inc. (collectively "Craig"). But when Birdsong sold the car, he did not inform Craig of the change in ownership. So, when the policy was renewed on February 26, 1986, the Datsun was included as before. The policy itself was issued to J. Kinnard Mays, d/b/a Players Billiards and Restaurant. It covered the Datsun and another car, and the listed covered drivers were Coale, Mays and Peggy Mays. The policy covered substitute vehicles borrowed or rented by the insured.
 
 
 3
 In June of 1986, Coale could not start her Datsun, so she borrowed her mother's car to go to a baseball game with her children. While her daughter was driving the borrowed car, they collided with an uninsured motorist in Mississippi. Coale filed a claim with Transamerica, alleging that the borrowed car was a "substitute vehicle" covered by Mays' policy. The claim was denied, so Coale sued for declaratory judgment. Craig and Transamerica moved for summary judgment on the grounds that the Datsun was not an insured vehicle.
 
 
 4
 The district court, applying Mississippi choice of law rules, determined that Tennessee law applied. Tennessee law provides that when an insured no longer owns a vehicle listed on the policy, the vehicle is no longer an insured vehicle. Hamrick v. Spring City Motor Co., 708 S.W.2d 383, 385 (Tenn.1986); Mercado v. Travelers Insurance Co., 59 Tenn.App. 741, 749, 443 S.W.2d 819, 823 (1969); Stevens v. State Farm Mutual Automobile Insurance Co., 59 Tenn.App. 701, 704, 443 S.W.2d 512, 514 (1969).[1] Logically, if the Datsun is not an insured vehicle, a "substitute" for the Datsun cannot be an insured vehicle. So, reasoned the district court, under Tennessee law summary judgment should issue. Claiming that Mississippi law should apply because the principal risk under the policy was in Mississippi, Coale brought this appeal.
 
 Discussion
 
 5
 A federal court sitting by diversity in Mississippi would apply the choice of law rules of Mississippi. Klaxon Co. v. Stentor Electric Manufacturing Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Here, the choice is one between Mississippi and Tennessee law. The district court, using Mississippi choice of law rules, determined that Tennessee law should apply, and granted summary judgment based on that law. Coale argues now on appeal that Mississippi law should apply instead. But even under Mississippi law, a car not owned by the named insured would not be covered by the insured's policy. So, because the substantive law of each state would give us the same result, we need not pursue a conflict of laws analysis.
 
 
 6
 In setting out just what Mississippi's law is, we are required to determine how a Mississippi state court would have decided this case under current Mississippi law. Erie v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Mississippi courts have not answered this question as clearly as Tennessee courts. But the Mississippi Supreme Court in United States Fire Insurance Co. v. Bates, 207 So.2d 620 (Miss.1968) implied that it takes the same stand as Tennessee courts have. There, Mr. Dennis sold a car to the plaintiff, who then had an accident with an uninsured motorist. Mr. Dennis' insurer denied coverage, stating that the car was no longer owned by Mr. Dennis at the time of the accident, and the plaintiff sued. The court found that Mr. Dennis did, technically, own the car at the time of the accident, and so the insurance carrier was liable on the policy. For that reason, the court did not directly address the question of whether the carrier would have been liable had Mr. Dennis not owned the car at the time of the accident. Even so, the Bates court treated the issue of ownership as a threshold issue of coverage. That is, Mr. Dennis' ownership of the car was presented as the controlling issue in the case.
 
 
 7
 It is true that Mississippi courts have not directly spoken on this question. But we are required only to determine what the Mississippi Supreme Court would have done in this case. Given Bates' premise and language, we find a Mississippi state court, presented with the facts before us, would affirm summary judgment.
 
 Conclusion
 
 8
 The district court, construing Tennessee law, granted summary judgment in this case. Had the district court applied Mississippi law instead, the result would have been the same. For that reason we will not engage in a lengthy conflict of laws analysis. The summary judgment of the district court is AFFIRMED.
 
 
 
 [1]
 The reasoning behind this rule seems to be one of risk assessment for the insurance companies. If a policy covered a car no longer owned by the named insured, there would be no way for the insuror to assess the risks of coverage, as unknown persons would be driving the car. Explaining this reasoning, the Mercado court stated that under an opposite rule, "the issuance of insurance policies would no longer be a voluntary contract by insurance companies, for the insuror would be subject to unwanted and unpredictable liability for operation of a vehicle by unknown purchasers." Mercado, 443 S.W.2d at 826